J. SCOTT GERIEN, State Bar No. 184728
MEGAN FERRIGAN HEALY, State Bar No. 229177
DICKENSON, PEATMAN & FOGARTY
809 Coombs Street
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff
WINE SCOUT INTERNATIONAL

FILED
FEB - 8 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Wine Scout International, d/b/a Bounty Hunter,

    Plaintiff,

vs.

Garcia Family Vineyards, Inc., d/b/a Bounty Hunter Wines

    Defendant.

CASE NO. C08-00858

**COMPLAINT**

1. **Federal Service Mark Infringement**
2. **Federal Unfair Competition**
3. **California Service Mark Infringement**
4. **California Unfair Competition**
5. **California False or Misleading Statements**
6. **Common Law Trademark and Service Mark Infringement**

**DEMAND FOR JURY TRIAL**

Plaintiff, Wine Scout International, d/b/a Bounty Hunter ("Plaintiff"), for its complaint against Defendant, Garcia Family Vineyards, Inc. a California corporation, d/b/a Bounty Hunter Wines ("Defendant"), alleges as follows:

### NATURE OF ACTION

1. This is an action to redress violations of the federal Lanham Act for infringement of a federally registered service mark (15 U.S.C. §1114), unfair competition (15 U.S.C. §1125(a)), violation of the California Business and Professions Code for service mark infringement (Cal. Bus. & Prof. Code §14335), unfair competition (Cal. Bus. & Prof.

COMPLAINT      1

Code §17200) and the dissemination of false and misleading statements (Cal. Bus. & Prof. Code §17500), and common law trademark and service mark infringement, as the result of willful and unauthorized use by Defendant of colorable imitations of Plaintiff's service mark and trademark, as more fully set forth hereinafter. Plaintiff seeks preliminary and permanent injunctive relief restraining Defendant's infringement of Plaintiff's service mark and trademark, monetary damages, attorneys' fees and related relief.

## THE PARTIES

2. Plaintiff Wine Scout International is a California corporation with its principal place of business located at 975 First Street, Napa, CA 94559.

3. Upon information and belief, Defendant Garcia Family Vineyards, Inc. is a California corporation with its principal place of business located at 5672 Eleanor Road, Oakdale, CA 95361.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claim under and pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a), as the claims arise under the federal Lanham Act, 15 U.S.C. §§1051-1127. This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b).

5. Upon information and belief, Defendant, either directly or through its agents, transacted business in the State of California and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected its acts to have consequence in the State of California and within this judicial district.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Defendant is doing business in this judicial district and therefore may be found in this district, and/or as a

substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and/or the infringement occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS

7. Plaintiff is the owner of U.S. Trademark Registration No. 2,311,360 for the service mark BOUNTY HUNTER for retail store and mail order catalog services featuring wines, specialty and gourmet foods, cigars and wine related accessories. Such registration is valid and subsisting and owned by Plaintiff and is now incontestable in accordance with 15 U.S.C. §§1065 and 1115(b). Pursuant to such registration, Plaintiff's BOUNTY HUNTER mark is also presumed to be distinctive.

8. Plaintiff is the owner of pending U.S. Trademark Application Serial No. 77/326413 for the trademark BOUNTY HUNTER for wine, which was filed on November 15, 2007, and is based on Plaintiff's use of such mark in commerce in association with wine since as early as August 31, 1999 (Plaintiff's BOUNTY HUNTER service mark and trademark referred to collectively hereafter as "BOUNTY HUNTER Marks").

9. Since 1994, long prior to the acts of Defendant complained of herein, Plaintiff has used the service mark BOUNTY HUNTER in association with retail store and mail order catalog services featuring wine and other wine-related goods. Since 1999, also prior to the acts of Defendant complained of herein, Plaintiff has used the trademark BOUNTY HUNTER in association with wine.

10. Over the past thirteen years, Plaintiff's BOUNTY HUNTER brand goods and services have received a substantial amount of unsolicited media attention, including reviews and profiles by national and international media outlets such as *The Calgary Sun, The International Herald Tribune, The Wall Street Journal, The New York Times, The Washington Times, The Chicago Sun-Times, The San Francisco Chronicle, The Los*

*Angeles Times, Pittsburgh Post Gazette, Seattle Times, Wine & Spirits, Wine Spectator, Food & Wine, Money, Forbes, Playboy, Sunset, Bloomberg Markets, CNN,* and NBC's *The Today Show.*

11. Plaintiff owns extremely valuable goodwill which is symbolized by its BOUNTY HUNTER Marks and each use of these marks substantially increases the value of Plaintiff's company and the salability of the goods and services sold through Plaintiff's company.

12. Upon information and belief, Defendant, Garcia Family Vineyards, Inc., is presently doing business as Bounty Hunter Wines and is the owner of Bounty Hunter Winery, a winery business under which Defendant owns and operates vineyards or produces or intends to produce wine for wholesale and/or retail purposes, including wine labeled with the mark BOUNTY HUNTER. Defendant's website, accessible at http://www.bountyhunterwinery.com/, also prominently features the mark BOUNTY HUNTER WINERY on the site.

13. In October 2007, Plaintiff discovered that Defendant had recently been issued a Certificate of Label Approval (COLA) from the Alcohol and Tobacco Tax and Trade Bureau (TTB) for wine to be produced in Santa Rosa, California, bearing the mark BOUNTY HUNTER. Pursuant to 27 C.F.R. §4.50, no domestically produced wine can be released from the bottling plant for sale or other use until a COLA is obtained from the TTB.

14. Defendant's BOUNTY HUNTER trademark is confusingly similar to Plaintiff's BOUNTY HUNTER Marks, given that the parties' marks are identical in sight, sound, and meaning, and that the goods offered by Defendant under its BOUNTY HUNTER mark, namely, wine, are identical and highly related to the goods and services which

Plaintiff offers under its mark, namely, wine and retail store and catalog services featuring wine and wine related items.

15. On November 2, 2007, Plaintiff sent Defendant a demand letter advising Defendant of Plaintiff's service mark registration and rights in the BOUNTY HUNTER Marks and Plaintiff requested that Defendant not use the confusingly similar BOUNTY HUNTER mark for wine. However, Defendant indicated that it intended to proceed with use of the BOUNTY HUNTER name and mark in association with wine and winery services.

16. On or about November 13, 2007, Plaintiff's CEO, Mark Pope, contacted Defendant's principal owner, Mark Garcia, and expressed his objection to Defendant's planned use of BOUNTY HUNTER. At the end of the call, Mr. Pope had the impression that Mr. Garcia would reconsider his planned infringing use of BOUNTY HUNTER.

17. Plaintiff continued to monitor Defendant's activities, and on February 5, 2008, learned that on January 10, 2008, Defendant had submitted an application for a Type-02 Winegrower License to the California Department of Alcoholic Beverage Control under the dba Bounty Hunter Wines for the purposes of opening a business office.

18. Use of the BOUNTY HUNTER trade name and mark by Defendant is likely to confuse consumers into believing that Defendant's BOUNTY HUNTER wine and winery services are affiliated with, associated with, connected to, or sponsored by Plaintiff's well-known BOUNTY HUNTER retail store, mail order catalog, and wine and Defendant's BOUNTY HUNTER wine and winery will unjustly benefit from such association.

19. Plaintiff will be harmed by such confusion as Defendant's BOUNTY HUNTER winery and wine brand will unjustly benefit from the false association with Plaintiff at no cost to Defendant. This will harm Plaintiff by endangering the ability of Plaintiff's

BOUNTY HUNTER Marks to serve as unique and distinctive source indicators for Plaintiff's goods and services.

20. Unless restrained by this Court, Defendant will proceed to unfairly compete with Plaintiff by using the BOUNTY HUNTER mark, wherefore Plaintiff is without adequate remedy at law.

21. Defendant's infringing use of the confusingly similar BOUNTY HUNTER mark will financially harm Plaintiff by diminishing the value of Plaintiff's mark as a source indicator for Plaintiff's goods and services, and Defendant's infringing use of the BOUNTY HUNTER mark will increase the profitability of Defendant's BOUNTY HUNTER brand wine and winery services to the detriment of Plaintiff.

22. This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees.

## FIRST CAUSE OF ACTION

(Federal Service Mark Infringement under 15 U.S.C. §1114)

23. Plaintiff restates and reavers the allegations of Paragraphs 1 through 22, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

24. Defendant's above-averred actions constitute use in commerce of a reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution or advertising of goods or services on or in connection with which such use is likely to cause consumer confusion, deception or mistake as to source, sponsorship or approval of the Defendant's aforesaid services in violation of 15 U.S.C. §1114.

## SECOND CAUSE OF ACTION

(Federal Unfair Competition under 15 U.S.C. §1125(a))

25. Plaintiff restates and reavers the allegations of Paragraphs 1 through 24, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

26. The Defendant's above-averred actions constitute use in commerce of a word, name or device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendant with Plaintiff or as to the origin, sponsorship or approval of the Defendant's services or the goods offered in connection therewith in violation of 15 U.S.C. §1125.

## THIRD CAUSE OF ACTION

(State Service Mark Infringement under Cal. Bus. & Prof. Code §14335)

27. Plaintiff restates and reavers the allegations of Paragraphs 1 through 26, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

28. The Defendant's above-averred actions constitute infringement upon a mark registered under Title 15 of the United States Code in violation of Cal. Bus. & Prof. Code §14335.

## FOURTH CAUSE OF ACTION

(State Unfair Competition under Cal. Bus. & Prof. Code §17200)

29. Plaintiff restates and reavers the allegations of Paragraphs 1 through 28, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

30. The Defendant's above-averred actions constitute unlawful, unfair or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code §17200.

## FIFTH CAUSE OF ACTION

(False or Misleading Statements under Cal. Bus. & Prof. Code §17500)

31. Plaintiff restates and reavers the allegations of Paragraphs 1 through 30, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

32. The Defendant's above-averred actions constitute the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of Cal. Bus. & Prof. Code §17500.

## SIXTH CAUSE OF ACTION

(Common Law Service Mark and Trademark Infringement)

33. Plaintiff restates and reavers the allegations of Paragraphs 1 through 32, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

34. The Defendant's above-averred actions constitute service mark and trademark infringement and passing off in violation of the common law of California.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1. That Defendant, its principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction

and/or pursuant to its control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

    a. Using the mark BOUNTY HUNTER, or terms or marks confusingly similar to BOUNTY HUNTER, in connection with the advertisement, promotion, distribution, offering for sale or selling of wine, or products or services related to wine;

    b. Performing any acts or using any service marks, trademarks, names, words or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff and the Defendant are one in the same or are in some way connected or that Plaintiff is a sponsor of the Defendant or that the services or goods of the Defendant originate with Plaintiff or are likely to lead the trade or public to associate the Defendant with Plaintiff;

2. That Defendant be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief.

3. That Defendant, its principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be required to deliver up for destruction all advertising, promotional, point of sale, labels, caps, corks, neckers, packaging, and any other materials bearing the infringing mark together with all artwork, plates, molds, matrices and other means and materials for making and reproducing the same;

COMPLAINT                        9

4. That Defendant be ordered to pay Plaintiff monetary damages for the harm resulting from infringement of Plaintiff's mark, in an amount to be determined at trial;

5. That Plaintiff's damages be trebled and that Defendant be order to pay Plaintiff's attorneys' fees on the basis that this is an exceptional case;

6. That Plaintiff have such other and further relief as this Court shall deem just and proper on the merits.

Dated: 2/7/08

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By _____
J. Scott Gerien
Megan Ferrigan Healy

809 Coombs Street
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
Wine Scout International

COMPLAINT                                10

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury in this matter.

Dated: 2/7/08

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By _____
J. Scott Gerien
Megan Ferrigan Healy

809 Coombs Street
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
Wine Scout International

COMPLAINT                                  11