John W. Villines (CA SBN 193672)
JV LAW
726 14th Street, Suite E
Modesto, CA  95354
*Mailing Address*:
P.O. Box 580049
Modesto, CA  95358-0002
Tel:  (209) 524-9903
Fax: (209) 524-6655

Attorneys for Defendant GARCIA
FAMILY VINEYARDS, INC., d/b/a
BOUNTY HUNTER WINES

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| WINE SCOUT INTERNATIONAL, d/b/a BOUNTY HUNTER, <br><br> Plaintiff, <br><br> vs. <br><br> GARCIA FAMILY VINEYARDS, INC., d/b/a BOUNTY HUNTER WINES, <br><br> Defendant. | **Case No.:  C 08-00858 JF** <br><br> **ANSWER AND COUNTERCLAIM; DEMAND FOR JURY TRIAL** <br><br> **(Fed. R. Civ. P. 8(b), 13(a), 38(b))** |

COMES NOW Defendant GARCIA FAMILY VINEYARDS, INC., d/b/a BOUNTY

HUNTER WINES and for its answer to the Complaint of WINE SCOUT INTERNATIONAL,

d/b/a BOUNTY HUNTER, states:

### ADMISSIONS & DENIALS

1.      Defendant admits the allegations contained in paragraphs 3, 4, 5, 6, 12, and 15 of

the Complaint.

-1-

2.      Defendant denies the allegations contained in paragraphs 11, 14, 18, 19, 20, 21, 22, 24, 26, 28, 30, 32, and 34 of the Complaint.

3.      Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraphs 1, 2, 7, 10, 23, 25, 27, 29, 31, and 33 of the Complaint, and therefore denies the same.

4.      Defendant denies the allegation in paragraph 8 of the Complaint that Plaintiff used the BOUNTY HUNTER mark in commerce in association with wine since as early as August 31, 1999; Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in that paragraph, and therefore denies the same.

5.      Defendant denies the allegation in paragraph 9 of the Complaint that Plaintiff used the BOUNTY HUNTER trademark in association with wine since 1999; Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in that paragraph, and therefore denies the same.

6.      Defendant admits the allegation in paragraph 13 of the Complaint that Defendant had been issued a COLA from the TTB for wine bearing the mark BOUNTY HUNTER; Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in that paragraph, and therefore denies the same.

7.      Defendant admits the allegation in paragraph 16 of the Complaint that Defendant was contacted by Plaintiff's CEO on or about November 13, 2007, and expressed his objection to Defendant's use of the BOUNTY HUNTER mark; Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in that paragraph about Mr. Pope's impression, and therefore denies the same.

8.      Defendant admits that Defendant had submitted an application for a Type-02

-2-

Winegrower License to the California Department of Alcoholic Beverage Control under the dba

Bounty Hunter Wines on or about January 10, 2008; Defendant is without sufficient information

to form a belief as to the truth or falsity of the remaining allegations contained in that paragraph,

and therefore denies the same.

## AFFIRMATIVE DEFENSES

9.    AS A FIRST AND SEPARATE AND AFFIRMATIVE DEFENSE TO THE

COMPLAINT, Defendant is informed and believes and thereon alleges that Plaintiff lacks

standing to assert each and every purported cause of action contained in the Complaint.

10.    AS A FURTHER AND SECOND SEPARATE AND AFFIRMATIVE

DEFENSE TO THE COMPLAINT, Defendant is informed and believes and thereon alleges that

each and every purported cause of action contained in the Complaint is barred by the applicable

statute of limitations.

11.    AS A FURTHER AND THIRD SEPARATE AND AFFIRMATIVE DEFENSE

TO THE COMPLAINT, Defendant is informed and believes and thereon alleges that each and

every purported cause of action contained in the Complaint is barred by the doctrine of laches.

12.    AS A FURTHER AND FOURTH SEPARATE AND AFFIRMATIVE

DEFENSE TO THE COMPLAINT, Defendant is informed and believes and thereon alleges that

each and every purported cause of action contained in the Complaint is barred by the doctrine of

unclean hands.

13.    AS A FURTHER AND FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

TO THE COMPLAINT, Defendant is informed and believes and thereon alleges that each and

every purported cause of action contained in the Complaint is barred by the doctrine of estoppel.

14.    AS A FURTHER AND SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

-3-

TO THE COMPLAINT, Defendant is informed and believes and thereon alleges that the

Complaint, and each and every purported cause of action contained therein, fails to state facts

sufficient to constitute any cause of action as to this answering Defendant.

15.     AS A FURTHER AND SEVENTH SEPARATE AND AFFIRMATIVE

DEFENSE TO THE COMPLAINT, Defendant is informed and believes and thereon alleges that

the Complaint, and each and every purported cause of action contained therein, has been brought

by Cross Complainant for the sole purpose of violating the antitrust laws of the United States.

16.     AS A FURTHER AND EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

TO THE COMPLAINT, alleges that its use of the mark "BOUNTY HUNTER" is descriptive of

the profession of Defendant's principals, and used fairly in good faith, and therefore this cause of

action is barred by the doctrine of fair use.

17.     AS A FURTHER AND NINTH SEPARATE AND AFFIRMATIVE DEFENSE

TO THE COMPLAINT, Defendant is informed and believes and thereon alleges that this cause

of action is barred by the doctrine of acquiescence.

18.     AS A FURTHER AND TENTH SEPARATE AND AFFIRMATIVE DEFENSE

TO THE COMPLAINT, Defendant alleges that its use of the subject phrase preceded the date

that Plaintiff allegedly began using this phrase as a trade name and the date that Plaintiff filed its

trademark registration applications.

19.     AS A FURTHER AND ELEVENTH SEPARATE AND AFFIRMATIVE

DEFENSE TO THE COMPLAINT, Defendant alleges that its use of the subject phrase is not

likely to mislead or deceive the public because the parties are not competitors.

20.     AS A FURTHER AND TWELFTH SEPARATE AND AFFIRMATIVE

DEFENSE TO THE COMPLAINT, Defendant alleges that the Plaintiff has intentionally never

-4-

ANSWER AND CROSS-CLAIM - C 08-00858 JF

used the mark for "BOUNTY HUNTER" in association with wine as a product.

21.    AS A FURTHER AND THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that it has successfully registered and been issued a Certificate of Label Approval (COLA) with the Alcohol and Tobacco Tax and Trade Bureau (TTB), incorporating the mark "BOUNTY HUNTER."

22.    AS A FURTHER AND FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that any discussions between the parties about the use of the "BOUNTY HUNTER" mark are privileged and inadmissible by Federal Rule of Evidence, Rule 408.

**WHEREFORE**, Defendant prays for judgment as set forth below.

## FIRST COUNTERCLAIM

### (Common Law Trademark Infringement)

23.    This Court has jurisdiction over this counterclaim under the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), because this counterclaim is so related to the transaction and occurrence asserted in the Complaint that it forms part of the same case or controversy under Article III of the United States Constitution.

24.    The events giving rise to Defendant's counterclaims occurred in this district, and Defendant is informed and believes, and on that basis thereon alleges that the Plaintiff's restaurant and business office is located here.  Venue is therefore proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

25.    Plaintiff is primarily in the service business, operating a restaurant, retail store, and a mail order catalog.  Secondarily, and on a very limited basis, Plaintiff also makes wines. None of the wines produced by Plaintiff bears the BOUNTY HUNTER name or mark.

-5-

26.     Defendant started its wine-making business and vineyards wine on a large scale in 2006, using the "BOUNTY HUNTER" trademark in connection with its winery.  In 2007, Defendant was issued a Certificate of Label Approval (COLA) bearing the name and trademark "BOUNTY HUNTER" from the Alcohol and Tobacco Tax and Trade Bureau (TTB) for wine produced in Santa Rosa, California.  Defendant started using the "BOUNTY HUNTER" trademark before Plaintiff's recent alleged use.

27.     Defendant chose the name "BOUNTY HUNTER" for its wines after a search of existing wine names, brands, and labels revealed that no other winery was using such a mark on its label.  At the time, Defendant did not know that Plaintiff's business even existed.  Defendant chose the name "BOUNTY HUNTER" because it capitalized on the renown of Defendant's principals, Mark and Angela Garcia, who are bounty hunters, owning and operating a successful and well-known bail bond company with multiple offices throughout the state of California. Defendant has invested substantial financial sums in the "BOUNTY HUNTER" trademark for its wines.

28.     On November 2, 2007, Plaintiff sent Defendant a letter addressing the use of the "BOUNTY HUNTER" mark in connection with the name and labeling of wine.  Defendant responded in writing to Plaintiff on the same day, informing Plaintiff that Defendant had a right to use the trademark "BOUNTY HUNTER" because it had first used the name in connection with wine as a product.  Plaintiff and Defendant had several more communications on this subject in the following weeks.

29.     On or about November 15, 2007, Plaintiff wrongfully applied for a trademark application for "BOUNTY HUNTER" for wine, even though Plaintiff had never used that mark on its wine and knew that Defendant had a pre-existing use in commerce.  Plaintiff is now

-6-

attempting to use the mark "BOUNTY HUNTER" in connection with its wines.

30.    In fact, Plaintiff is barred by Section 25503.30 of the Alcoholic Beverage Control Act from obtaining a Type-02 Winegrower License from the California Department of Alcoholic Beverage Control under the name "BOUNTY HUNTER" since it already holds Type 41 and 42 licenses under that name for its restaurant establishment.

31.    Plaintiff's use of the "BOUNTY HUNTER" mark with its wine is confusingly similar to Defendant's TTAB-approved "BOUNTY HUNTER" wine label and trademark, given that the marks are identical in sight, sound, and meaning, and that the goods offered by the parties, namely wine, are identical.

32.    By misappropriating and using Defendant's trade name and trademark for its wine, Plaintiff misrepresents and falsely describes to the general public the affiliation, connection, sponsorship, and association of the wines with Defendant, and creates a likelihood of confusion by consumers, and Plaintiff will unjustly benefit from such an association.

33.    Defendant will be harmed by such confusion as Plaintiff will unjustly benefit from the use of the BOUNTY HUNTER mark for wine, to Plaintiff's profit and Defendant's loss.

34.    Unless restrained by this Court, Plaintiff will proceed to unfairly compete with Defendant by using the "BOUNTY HUNTER" trade name, trademark, and wine label, wherefore Defendant is without adequate remedy at law.

35.    As a proximate result of the wrongful conduct of Plaintiff as herein alleged, Defendant will lose business.  In addition, these activities have caused direct damage to Defendant in an amount presently unknown but which will be established at trial.

WHEREFORE, Defendant and Counterclaimant prays for judgment as set forth below.

-7-

**SECOND COUNTERCLAIM**

**(Unfair Trade Practices & Competition)**

36.     This Court has jurisdiction over this counterclaim under the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), because this counterclaim is so related to the transaction and occurrence asserted in the Complaint that it forms part of the same case or controversy under Article III of the United States Constitution.

37.     Defendant repeats and realleges each and every allegation contained in paragraphs 25 through 35, above, as if set forth in full as part of this counterclaim.

38.     The Plaintiff's conduct, as alleged above, constitutes unfair trade practices and competition.

WHEREFORE, Defendant and Counterclaimant prays for judgment as set forth below.

**THIRD COUNTERCLAIM**

**(Unfair Business Practices – California Bus. & Prof. Code § 17200)**

39.     This Court has jurisdiction over this counterclaim under the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), because this counterclaim is so related to the transaction and occurrence asserted in the Complaint that it forms part of the same case or controversy under Article III of the United States Constitution.

40.     Defendant repeats and realleges each and every allegation contained in paragraphs 25 through 35, above, as if set forth in full as part of this counterclaim.

41.     The Plaintiff's conduct, as alleged above, constitutes unfair business practices under California Business & Professions Code § 17200 *et seq*.

42.     The aforementioned conduct of the Plaintiff was willful and oppressive, fraudulent, and/or malicious, thereby depriving Defendant of legal rights or otherwise causing

-8-

injury, and was despicable conduct that subjected Defendant to a cruel and unjust hardship in conscious disregard of Defendant's rights, so as to justify an award of exemplary and punitive damages in an amount appropriate to punish Plaintiff and deter others from engaging in similar misconduct.

WHEREFORE, Defendant and Counterclaimant prays for judgment as set forth below.

## FOURTH COUNTERCLAIM

### (False or Misleading Statements – California Bus. & Prof. Code § 17500)

43.     This Court has jurisdiction over this counterclaim under the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), because this counterclaim is so related to the transaction and occurrence asserted in the Complaint that it forms part of the same case or controversy under Article III of the United States Constitution.

44.     Defendant repeats and realleges each and every allegation contained in paragraphs 25 through 35, above, as if set forth in full as part of this counterclaim.

45.     The Plaintiff's conduct, as alleged above, constitutes the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of California Business & Professions Code § 17500 *et seq*.

46.     The aforementioned conduct of the Plaintiff was willful and oppressive, fraudulent, and/or malicious, thereby depriving Defendant of legal rights or otherwise causing injury, and was despicable conduct that subjected Defendant to a cruel and unjust hardship in conscious disregard of Defendant's rights, so as to justify an award of exemplary and punitive damages in an amount appropriate to punish Plaintiff and deter others from engaging in similar misconduct.

-9-

WHEREFORE, Defendant and Counterclaimant prays for judgment as set forth below.

## FIFTH COUNTERCLAIM

### (California Intentional Interference with Economic Relationship)

47.     This Court has jurisdiction over this counterclaim under the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), because this counterclaim is so related to the transaction and occurrence asserted in the Complaint that it forms part of the same case or controversy under Article III of the United States Constitution.

48.     Defendant repeats and realleges each and every allegation contained in paragraphs 25 through 35, above, as if set forth in full as part of this counterclaim.

49.     Plaintiff has communicated with Defendant's wine distributor on several occasions, telling this distributor that it should stop doing business with Defendant because Defendant could not use the "BOUNTY HUNTER" wine label and trademark.

50.     Plaintiff knew about the economic relationship between Defendant and Defendant's wine distributor, and Plaintiff's intentional purpose was to strain and terminate this relationship and future economic relationships with other distributors, causing financial damage to Defendant.

51.     The aforementioned conduct of the Plaintiff was willful and oppressive, fraudulent, and/or malicious, thereby depriving Defendant of legal rights or otherwise causing injury, and was despicable conduct that subjected Defendant to a cruel and unjust hardship in conscious disregard of Defendant's rights, so as to justify an award of exemplary and punitive damages in an amount appropriate to punish Plaintiff and deter others from engaging in similar misconduct.

WHEREFORE, Defendant and Counterclaimant prays for judgment as set forth below.

-10-

**SIXTH COUNTERCLAIM**

**(California Negligent Interference with Economic Relationship)**

52.     This Court has jurisdiction over this counterclaim under the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), because this counterclaim is so related to the transaction and occurrence asserted in the Complaint that it forms part of the same case or controversy under Article III of the United States Constitution.

53.     Defendant repeats and realleges each and every allegation contained in paragraphs 25 through 35, above, as if set forth in full as part of this counterclaim.

54.     Plaintiff has communicated with Defendant's wine distributor on several occasions, telling this distributor that it should stop doing business with Defendant because Defendant could not use the "BOUNTY HUNTER" wine label and trademark.

55.     Plaintiff knew about the economic relationship between Defendant and Defendant's wine distributor.  At the time of these communications, Plaintiff knew or should have known that such communications would strain or terminate this economic relationship and future economic relationships with other wine distributors, causing financial damage to Defendant.

56.     The aforementioned conduct of the Plaintiff was willful and oppressive, fraudulent, and/or malicious, thereby depriving Defendant of legal rights or otherwise causing injury, and was despicable conduct that subjected Defendant to a cruel and unjust hardship in conscious disregard of Defendant's rights, so as to justify an award of exemplary and punitive damages in an amount appropriate to punish Plaintiff and deter others from engaging in similar misconduct.

WHEREFORE, Defendant and Counterclaimant prays for judgment as set forth below.

-11-

**PRAYER**

1.    That Plaintiff take nothing by way of the Complaint on file herein, and that the same be dismissed as against the answering Complaint

2.    For attorney's fees and costs of suit incurred herein;

3.    For the counterclaims, judgment for the damages the Defendant has sustained by reason of the Plaintiff's infringement, unfair competition, unfair business practices, dissemination of false or misleading statements, and interference with economic relationships, in an amount to be determined at trial;

4.    For punitive and exemplary damages;

5.    For an Order enjoining the Plaintiff, its principals, directors, officers, agents, servants, employees, privies, successors, and assigns, and all persons under its direction, control, permission, or license, during the pendency of this action and permanently:

    a.    From using the Defendant's "BOUNTY HUNTER" trademark, or marks confusingly similar, or any reproduction or colorable imitation of it in connection with the brand, name, or label of wine, including the advertisement, promotion, distribution, of such "BOUNTY HUNTER" wine;

    b.    From performing any acts or making any statements that are likely to cause confusion, mistake, deception, or otherwise mislead the public or wine industry into believing that Plaintiff and Defendant are connected or associated in any way, or that Defendant's wine originates with Plaintiff's restaurant or catalog;

6.    For an Order that Plaintiff be required to file with the Court and serve on

-12-

Defendant a written report, under oath, setting forth in detail the manner and form in which the injunction described in paragraph 5 of this Prayer, and to do so within 30 days after service of that injunction;

7.      For an Order requiring Plaintiff to account and pay over to Defendant all gains, profits, and advantages derived by Plaintiff from its infringement of Defendant's trademark, and from its unfair trade practices and unfair competition;

8.      For such other and further relief as the court may deem just and proper.


**DEMAND FOR JURY TRIAL**

Defendant hereby respectfully demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.


DATED:  March 7, 2008.                     JV LAW


                                           By: _/S/  JOHN W. VILLINES_____
                                               John W. Villines
                                               Attorneys for Defendant GARCIA
                                               FAMILY VINEYARDS, INC., d/b/a/
                                               BOUNTY HUNTER WINES

-13-