John W. Villines (CA SBN 193672)
JV LAW
726 14th Street, Suite E
Modesto, CA  95354
*Mailing Address*:
P.O. Box 580049
Modesto, CA  95358-0002
Tel:  (209) 524-9903
Fax: (209) 524-6655
E-Mail:  john@jvlaw.net

Attorneys for Defendant GARCIA
FAMILY VINEYARDS, INC., d/b/a
BOUNTY HUNTER WINES

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| WINE SCOUT INTERNATIONAL, d/b/a BOUNTY HUNTER,<br><br>            Plaintiff,<br><br>      vs.<br><br>GARCIA FAMILY VINEYARDS, INC., d/b/a BOUNTY HUNTER WINES,<br><br>            Defendant. | Case No.:  C 08-00858 JF<br><br>**DECLARATION OF MARK GARCIA IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:  April 18, 2008<br>Time:  9:00 a.m.<br>Room:  3 |

I, Mark A. Garcia, declare as follows:

    1.    I am a shareholder and Chief Executive Officer of Garcia Family Vineyards, Inc., doing business as Bounty Hunter Wines ("Garcia"), the defendant in the current litigation.  I submit this declaration in opposition to Plaintiff's Motion for Preliminary Injunction.  I have personal knowledge of the facts stated herein and if called to testify upon the same, I could and would do so willingly.

-1-

DECLARATION OF MARK GARCIA IN OPPOSITION TO PRELIMINARY INJUNCTION - C 08-00858 JF

2. In 2000, my wife Angela Garcia and I planted our vineyard on real property we owned in Oakdale, California. In 2005, we had our first crop and produced our first vintage of wine. I consider myself a serious wine connoisseur, and have been for many years.

3. On December 13, 2006, my wife and I formed the defendant California corporation, Garcia Family Vineyards, Inc., with the intent of making and selling wine we had been producing.

4. My wife and I are also the principals of Garcia Family Bail Bonds, Inc., a California corporation, which services the entire state of California. We have been involved in the bail bond industry for over 12 years, and we have built up goodwill and consumer recognition in the industry throughout the state for our company, and our figurehead, "Bail Bond Girl." My wife is "Bail Bond Girl," the recipient of a federal decree of secondary meaning.

5. Due to our primary occupation as "bounty hunters," we wanted to create a wine brand that capitalized on the goodwill already associated with the Garcia family name in the bail bonds and legal industry.

6. In 2006, we hired an independent design firm, LeBlanc Design, located in Calistoga, California, to develop the wine labels and brand name of the wine Garcia would be producing. This independent design firm generated the brand name "Bounty Hunter" and designed the wine labels. I felt that the "Bounty Hunter" brand name successfully meshed my two passions in life: my occupation and wine.

7. After receipt of the design firm's suggested brand name "Bounty Hunter," I investigated the brand names of existing wines and approved wine labels approved by the U.S. Alcohol Tobacco Tax and Trade Bureau (TTB) and the California Department of Alcoholic Beverage Control (ABC). At that time, there were no approved wine names or labels using

-2-

DECLARATION OF MARK GARCIA IN OPPOSITION TO PRELIMINARY INJUNCTION - C 08-00858 JF

"Bounty Hunter."

8. On October 3, 2007, the TTB issued a Certificate of Label Approval (COLA) for the wine brand "Bounty Hunter."

9. Prior to the cease and desist letter received by Pisoni Vineyards in October 2007, I had never heard of Plaintiff Wine Scout, Mark Pope *aka* The Bounty Hunter, or Plaintiff's catalog, its website, or its restaurant in Napa.

10. On several occasions in late 2007 and early 2008, Mark Pope has contacted me via telephone to discuss my use of "Bounty Hunter" as a wine brand name. I explained to Mr. Pope that I did not consider the companies as competitors since he does not use the name "Bounty Hunter" in connection with any wines he produces. I did suggest that we could do some joint marketing or I could add language to our wine label to distinguish the two companies, but Mr. Pope refused to entertain any further discussions and resolve this matter amicably.

11. On or about January 10, 2008, I submitted an application to ABC for a Type-02 Winegrower License utilizing the "dba" "Bounty Hunter Wines."

12. To date, my corporation has expended approximately $40,000 in costs for brand research, label design, labeling wine bottles, legal applications, website design, advertisement, marketing, and promotional materials, and production and distribution expenses.

13. If enjoined from using our existing "Bounty Hunter" label, my corporation would have to expend at least another $40,000 to start the research and branding process all over again.

14. In addition, our 2006 vintage has been delayed in distribution due to this present litigation, and would further delay distribution for another possible year, and would also delay our 2007 vintage. This 2006 vintage would have resulted in approximately $100,000 in revenues for the defendant corporation.

DECLARATION OF MARK GARCIA IN OPPOSITION TO PRELIMINARY INJUNCTION - C 08-00858 JF

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 28, 2008, in Oakdale, California.

_____
MARK A. GARCIA