J. SCOTT GERIEN, State Bar No. 184728
MEGAN FERRIGAN HEALY, State Bar No. 229177
DICKENSON, PEATMAN & FOGARTY
809 Coombs Street
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff
WINE SCOUT INTERNATIONAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Wine Scout International,<br><br>    Plaintiff and Counterdefendant<br><br>vs.<br><br><br>Garcia Family Vineyards, Inc.<br><br>    Defendant and Counterclaimant | CASE NO. CV 08-00858 JF<br><br>WINE SCOUT INTERNATIONAL'S<br>ANSWER TO COUNTERCLAIM |

Plaintiff and Counterdefendant, Wine Scout International, ("Wine Scout"), by its undersigned attorneys, as and for its Answer to Counterclaim, alleges as follows:

1. Answering Paragraph 23 of the Counterclaim, Wine Scout admits to the jurisdiction of the Court over the Counterclaim.

2. Answering Paragraph 24 of the Counterclaim, Wine Scout admits the allegations contained therein.

3. Answering Paragraph 25 of the Counterclaim, Wine Scout admits that it operates a wine bar, restaurant, wine retail store, and wine mail order catalog business under the mark BOUNTY HUNTER, and produces its own wine for sale to consumers, and denies the remaining allegations contained therein.

4. Answering Paragraph 26 of the Counterclaim, Wine Scout is without knowledge as to the duration and scale of Defendant's "wine-making business and vineyards wine," and on such basis denies the allegations in the first sentence of the paragraph, upon information and belief based on review of the Alcohol and Tobacco Tax and Trade Bureau's Certificate of Label Approval database admits that Defendant was issued a Certificate of Label Approval for wine bearing the trademark BOUNTY HUNTER from the Alcohol and Tobacco Tax and Trade Bureau in 2007, and denies all remaining allegations.

5. Answering Paragraph 27 of the Counterclaim, Wine Scout is without knowledge as to the allegations contained therein and on such basis denies such allegations.

6. Answering Paragraph 28 of the Counterclaim, Wine Scout admits that it sent Defendant a letter on November 2, 2007, requesting Defendant cease use of the mark BOUNTY HUNTER in association with wine and that Defendant responded via letter the same day declining to do so, and Wine Scout denies all remaining allegations.

7. Answering Paragraph 29 of the Counterclaim, Wine Scout admits that it filed a federal trademark application for the mark BOUNTY HUNTER for wine on November 9, 2008, based on Wine Scout's use of the mark on wine in commerce under Section 1051(a) of the Trademark Act, and denies all remaining allegations.

8. Answering Paragraph 30 of the Counterclaim, Wine Scout denies the allegations contained therein.

9. Answering Paragraph 31 of the Counterclaim, Wine Scout admits the allegations contained therein.

10. Answering Paragraph 32 of the Counterclaim, Wine Scout denies the allegations contained therein.

11. Answering Paragraph 33 of the Counterclaim, Wine Scout denies the allegations contained therein.

12. Answering Paragraph 34 of the Counterclaim, Wine Scout denies the allegations contained therein.

13. Answering Paragraph 35 of the Counterclaim, Wine Scout denies the allegations contained therein.

14. Answering Paragraph 36 of the Counterclaim, Wine Scout admits to the jurisdiction of the Court over the Counterclaim.

15. Answering Paragraph 37 of the Counterclaim, Wine Scout realleges and incorporates by reference its answers to Paragraphs 25 through 35 of the Counterclaim.

16. Answering Paragraph 38 of the Counterclaim, Wine Scout denies the allegations contained therein.

17. Answering Paragraph 39 of the Counterclaim, Wine Scout admits to the jurisdiction of the Court over the Counterclaim.

18. Answering Paragraph 40 of the Counterclaim, Wine Scout realleges and incorporates by reference its answers to Paragraphs 25 through 35 of the Counterclaim.

19. Answering Paragraph 41 of the Counterclaim, Wine Scout denies the allegations contained therein.

20. Answering Paragraph 42 of the Counterclaim, Wine Scout denies the allegations contained therein and denies that Defendant is entitled to the relief requested.

21. Answering Paragraph 43 of the Counterclaim, Wine Scout admits to the jurisdiction of the Court over the Counterclaim.

22. Answering Paragraph 44 of the Counterclaim, Wine Scout realleges and incorporates by reference its answers to Paragraphs 25 through 35 of the Counterclaim.

23. Answering Paragraph 45 of the Counterclaim, Wine Scout denies the allegations contained therein.

24. Answering Paragraph 46 of the Counterclaim, Wine Scout denies the allegations contained therein and denies that Defendant is entitled to the relief requested.

25. Answering Paragraph 47 of the Counterclaim, Wine Scout admits to the jurisdiction of the Court over the Counterclaim.

26. Answering Paragraph 48 of the Counterclaim, Wine Scout realleges and incorporates by reference its answers to Paragraphs 25 through 35 of the Counterclaim.

27. Answering Paragraph 49 of the Counterclaim, Wine Scout denies the allegations contained therein.

28. Answering Paragraph 50 of the Counterclaim, Wine Scout denies the allegations contained therein.

29. Answering Paragraph 51 of the Counterclaim, Wine Scout denies the allegations contained therein and denies that Defendant is entitled to the relief requested.

30. Answering Paragraph 52 of the Counterclaim, Wine Scout admits to the jurisdiction of the Court over the Counterclaim.

31. Answering Paragraph 53 of the Counterclaim, Wine Scout realleges and incorporates by reference its answers to Paragraphs 25 through 35 of the Counterclaim.

32. Answering Paragraph 54 of the Counterclaim, Wine Scout denies the allegations contained therein.

33. Answering Paragraph 55 of the Counterclaim, Wine Scout denies the allegations contained therein.

34. Answering Paragraph 56 of the Counterclaim, Wine Scout denies the allegations contained therein and denies that Defendant is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

1. Defendant Garcia Family Vineyards, Inc. has failed to state a claim upon which relief can be granted.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## PRAYER FOR RELIEF

WHEREFORE, Wine Scout demands judgment denying the Counterclaim and the relief requested by Garcia, the awarding of Wine Scout's costs, expenses, and attorneys' fees it incurs in defending this matter, and the awarding of such other relief to Wine Scout as the Court deems just and proper.

Dated: 3/31/08

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By_____
J. Scott Gerien
Megan Ferrigan Healy

809 Coombs Street
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
Wine Scout International